# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF MIDDLESEX, OCTOBER TERM 1848, AT THE SITTINGS IN BOSTON, JANUARY, 1849.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. THERON METCALF,
Hon. RICHARD FLETCHER,

### Commonwealth *vs.* Edward Kirby.

The office of justice of the peace is not incompatible with that of constable, according to the constitution and laws of this commonwealth.

If a justice of the peace, having been legally qualified to act as such, continue to act in the same capacity, after accepting an incompatible office, he will be considered as a justice of the peace *de facto*, so far as third persons are concerned, and his warrant will justify the officer to whom it is directed, in making service thereof.

If, in an indictment, on which the defendant has been convicted, for an assault on an officer while in the discharge of the duties of his office, and hindering and obstructing him therein, there is no sufficient allegation that the defendant knew that the person assaulted was such officer, this is not a ground for arresting the judgment, but only for sentencing the defendant for the simple assault.

An indictment, for assaulting and obstructing an officer in the discharge of his duties as such, averred that the defendant made an assault upon the officer, and, while the latter was in the due and lawful execution of his office, did "unlaw-

fully, knowingly, and designedly," hinder and oppose him, &c.; this was held to be a sufficient allegation, that the defendant knew that the person assaulted was an officer.

THE defendant was tried in the court of common pleas before *Cushing*, J., on an indictment, charging him with an assault upon Joseph Sanderson, a constable of the city of Cambridge, and with hindering and opposing Sanderson, while engaged in the due and lawful execution of the duties of his office.

·The defendant admitted the commission of a technical assault upon Sanderson, and that he hindered and obstructed him in the execution of his office. But he introduced evidence, that Sanderson, at the time of the assault, was forcibly endeavoring to enter the defendant's house, in order to serve a warrant in his possession, for the apprehension of one Toomey; that Sanderson was not otherwise authorized to enter the defendant's house than for the purpose of making such arrest; that the warrant was issued by Abraham Edwards as a justice of the peace; that, within seven years previous, Edwards had been duly appointed and qualified as a justice of the peace; and that within three months, he had been duly appointed and qualified as a constable of the city of Cambridge, and held that office at the time of the issuing and service of the warrant against Toomey.

Upon this evidence, the defendant requested the judge to instruct the jury, that the office of a justice of the peace was inconsistent and incompatible with that of a constable; that the acceptance of the latter by Edwards vacated his office of justice of the peace; that the warrant, under which Sanderson was assuming to act, when assaulted by the defendant, was consequently void; and therefore that the defendant's resistance of Sanderson was lawful.

The presiding judge declined to give these instructions, but instructed the jury, that the acceptance of the office of constable by Edwards did not vacate his office of justice of the peace. The jury thereupon found the defendant guilty, and he alleged exceptions.

The defendant also moved in arrest of judgment, in this

court, on the ground, that there was no sufficient allegation in the indictment, that the defendant, at the time of the alleged assault, hinderance and obstruction, knew that Sanderson was a constable.

The indictment alleged, that the defendant made an assault upon Sanderson, " he the said Joseph Sanderson being a constable of the said city of Cambridge, legally authorized and duly qualified to discharge the duties of said office, and being then and there in the due and legal exercise and performance of said duties of said office, and him, then and there, while he the said Sanderson was in the due and lawful execution of his said office, unlawfully, knowingly, and designedly did hinder and oppose," &c.

*B. F. Jacobs,* for the defendant, in support of the motion in arrest of judgment, cited *Comm'th* v. *Caldwell,* 14 Mass. 330, and *State* v. *Downer,* 8 Verm. 424, 429; and, to sustain the exceptions, *Chapman* v. *Shaw,* 3 Greenl. R. 372; *Opinion of the Justices,* &c. 3 Greenl. R. 481; *Bamford* v. *Melvin,* 7 Greenl. 14; Constitution of Mass. part I. art. 30; *M'Gregor* v. *Balch,* 14 Verm. 428; *Comm'th* v. *Foster,* 1 Mass. 488; *Comm'th* v. *Tate,* 3 Leigh, 802; *Comm'th* v. *Sherrard,* 4 Leigh, 643; 1 Bl. Com. 344; Bac. Abr. Justice of the Peace, B.

*C. R. Train,* district attorney, for the commonwealth.

DEWEY, J. The warrant for the arrest of the plaintiff was well issued, unless the appointment of Edwards to the office of constable, and his acceptance of the same, disqualified him from subsequently acting as a justice of the peace. There is no statute disqualification of a justice of the peace, by reason of his appointment as constable; but the incompatibility of the two offices is supposed to arise from the provisions of the constitution of this commonwealth, as found in the thirtieth article of the first part : " In the government of this commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them : the executive shall never exercise the legislative and judicial powers, or either of them : the judicial shall never exercise

the legislative and executive powers, or either of them : to the end it may be a government of laws and not of men."

The provisions of this article are general in their terms, expressive only of a principle, and not intended to mark with precision the incompatibility of different offices. The article must have been so understood by the framers of the constitution, as in other parts of that instrument certain offices are enumerated and their incompatibility directly declared. It has never been supposed, that persons holding minor offices appertaining to the executive department of the government, such as deputy sheriffs, constables, or coroners, were thereby disqualified from holding seats in the legislature. The same was formerly true of the judges of the court of common pleas, who frequently held the office of senator or representative, while in commission as judges, and were only disqualified by the statute of 1820, c. 79, § 10, (repealed by St. 1821, c. 23, § 4,) and the eighth article of the amendments of the constitution, adopted in 1821.

No incompatibility, as to holding the two offices of justice of the peace and constable, being declared in direct terms by the constitution or by any statute of the commonwealth, we are not prepared to say, that the acceptance of the office of constable by a justice of the peace would vacate the latter office. A very different case would be presented, if the defendant had attempted to exercise the two functions of a justice of the peace, in issuing a warrant, and of a constable, in serving the same warrant.

The cases particularly relied upon, as judicial decisions favorable to the defence set up in the present case, are those of *Chapman* v. *Shaw*, 3 Greenl. R. 372 ; *Opinion of the Justices, &c.* 3 Greenl. R. 481 ; and *Bamford* v. *Melvin*, 7 Greenl. 14. The question arose there upon the constitution of the state of Maine, which differs somewhat from ours, being more direct in its terms, and applying the disqualifications to departments instead of offices.*

---

* The following are the provisions referred to in the constitution of Maine. They constitute the third article of the first part : —

Commonwealth *v.* Kirby.

Under our constitution, we think no such disqualification was intended by the provisions of the thirtieth article of the first part ; and that individuals have been allowed to hold and exercise different offices, falling within different departments, where they were not specifically declared incompatible by other parts of the constitution, and where such individuals have not exercised both offices in reference to the same subject matter.

But, if this were more doubtful, and if in an action instituted against a justice of the peace, for issuing his warrant without authority, this ground of incompatibility of the two offices would avail, we are of opinion that Edwards, holding a commission as a justice of the peace, and having been legally qualified to act as such, and continuing to act in that capacity, with full powers, unless for the objection now taken, he would, as respects third persons, be considered as a justice of the peace *de facto*, and his warrant would justify the officer to whom it was directed, in making service of the same. *M' Gregor* v. *Balch*, 14 Verm. 428. The exceptions are therefore overruled.

The defendant has also filed a motion in arrest of judgment, for insufficiency of the indictment. The ground taken is, that it is not alleged in the indictment, that the defendant knew that Sanderson was a constable, at the time he is alleged to have delayed, hindered and opposed him in the due execution of his office. To sustain this motion, it would be necessary for the defendant to show, that no offence, which could be the subject of indictment, was properly described in this indictment. But, in the present case, if the general objection were well maintained, and we were to reject all that relates to the aggravation of this assault, as one upon an officer, on the ground that the aggravation was not techni-

" Sect. 1. The powers of this government shall be divided into three distinct departments ; the *legislative, executive* and *judicial.*

" Sect. 2. No person or persons, belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others, except in the cases herein expressly directed or permitted."

49 *

cally charged, there would still remain a full and technical charge of an assault upon the person of Joseph Sanderson ; and, upon this charge, it would be competent to render judgment on this indictment for the offence of a simple assault. The only doubt, then, is, whether, upon this indictment, a judgment is to be entered and sentence awarded for a simple assault, or for an assault with the aggravation that it was made upon a constable while in the discharge of the duties of his office, and with the design of hindering and opposing nim in the due execution of such official duty. The precise objection taken to the indictment, as a charge of an assault with the aggravation stated, is, that there is no allegation of knowledge, on the part of the defendant, that Sanderson was a constable. We think this objection is not well founded, but, on the contrary, that such an allegation of knowledge is sufficiently set forth in the indictment, and with as much particularity as is required in such cases. The indictment alleges, that Sanderson was in the due execution of the duties of the office of constable, and that the defendant, "while the said Sanderson was in the due and lawful execution of his said office, unlawfully, knowingly, and designedly, did hinder and oppose," &c.

The court are of opinion, that the allegations are sufficient to authorize a judgment and sentence against the defendant, for an assault upon a constable while in the discharge of the duties of his office, and that the motion in arrest of judgment must be overruled.