PEOPLE, PLAINTIFF AND APPELLEE, *v.* AYUSO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 137 of the Penal Code.

No. 1173.—Decided June 14, 1917.

PUBLIC JUSTICE—RESISTANCE OR DISTURBANCE OF PUBLIC OFFICER.—In order to be held guilty of the crime defined in section 137 of the Penal Code, it is necessary that the accused knew that the person whom he resisted, delayed, or disturbed in the fulfilment of some duty of his office, or in the attempt to do so, was a public officer.

ID.—ID.—INFORMATION.—An information contains all the elements necessary to charge the crime against public justice referred to in section 137 of the Penal Code when it alleges that while the district chief of police was conducting a person under arrest for the commission of a breach of the peace the accused unlawfully and wilfully disturbed him in the discharge of his duties by seizing him by the arm in a hostile and menacing attitude and causing the said officer to disregard the arrest in order to confront the accused and reduce him to obedience.

The facts are stated in the opinion.

*Mr. Manuel Rodríguez Serra* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The information, so far as pertinent, reads as follows:

"In Yabucoa, of the judicial district of ·Humacao, on the night
of December 24, 1916, when Julio Castilla, District Chief of the
Insular Police of Yabucoa, was conducting Julio Molinari under
arrest for the commission of a breach of the peace, the said Angel
Ayuso unlawfully and wilfully obstructed the said chief of police
in the discharge of his duties, seizing him by an arm in a hostile
and menacing attitude and causing the said officer to release the said
Molinari in order to repel the defendant's assault and reduce him
to obedience."

The statute thus violated reads as follows:

"Every person who wilfully resists, delays, or obstructs any pub-
lic officer, in the discharge or attempt to discharge any duty of his
office, when no other punishment is prescribed, is punishable by fine
not exceeding five thousand (5,000) dollars, and imprisonment in
jail not exceeding one year." Sec. 137, Penal Code.

The defendant was tried and convicted and sentenced to
one month's imprisonment and a fine of $100, from which judg-
ment he appeals to this court. In his brief he contends that
the evidence does not sustain the judgment and that the court
committed manifest error in weighing the evidence.

In support of his contention that an essential element of
the crime with which he is charged is that he knew that the
person assaulted was a public officer, the appellant cites the
cases of *Commonwealth* v. *Kirby,* 56 Mass. 577, and *Yates*
v. *People,* 32 N. Y., 509. This, in fact, is the true doc-
trine. It is not a question of the unconscious obstruction of
the public duties of an officer, but of the wilful creation of
an obstacle by resisting, delaying, or obstructing any public
officer in the discharge, or attempt to discharge, any of the
duties of his office.

The information transcribed herein contains all the neces-
sary elements of the crime and the evidence was even clearer.
It consisted of the testimony of Julio Castilla, District Chief
of Insular Police, and of Enrique Romero, an Insular police-
man, for the prosecution, and that of Antonio Castillo, the
defendant, Francisco González, José M. Méndez and Chief

Castilla for the defense.  If we admit, as did the court below, that the witnesses for the prosecution spoke the truth, then it is plainly demonstrated that on the night of December 24, 1916, District Chief Castilla arrested Julio Molinari and was taking him to the police station along one of the streets of Yabucoa; that several young men objected and one of them shouted: ''People, blood!. Much blood!  This must be corrected somehow!''; that another young man, addressing himself to the defendant, said: ''Come on, you, don't let this man take you; don't let him take you!''; that the defendant rushed at the district chief, who was compelled to strike him with a cane, the prisoner escaping and being arrested by another policeman.  The evidence for the defense tends to show that Ayuso did not commit any unlawful act.  The conflict was adjusted by the trial court in the use of its powers and, as repeatedly laid down by this court, its decision must prevail in the absence of passion, prejudice, partiality, or manifest error.

The judgment appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.