EL PUEBLO, DEMANDANTE Y APELADO, *v.* AYUSO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por delito de infracción al artículo 137 del Código Penal.

No. 1173.—Resuelto en junio 14, 1917.

JUSTICIA PÚBLICA—RESISTENCIA O ESTORBO A UN FUNCIONARIO PÚBLICO EN EL CUMPLIMIENTO DE SUS OBLIGACIONES—CONOCIMIENTO POR EL ACUSADO DEL CARÁCTER DEL FUNCIONARIO PÚBLICO.—Para que se entienda perpetrado el delito previsto y castigado en el artículo 137 del Código Penal, es necesario que el acusado conozca el carácter de funcionario público de la persona a quien resiste, demora o estorba en el cumplimiento de alguna de las obligaciones de su cargo, o al tratar de cumplirla.

ID.—ID.—ACUSACIÓN SUFICIENTE.—Contiene todos los elementos esenciales del delito contra la justicia pública a que se refiere el artículo 137 del Código Penal, una acusación en que se alega que el acusado, en momentos en que el Jefe de la Policía Insular del distrito municipal llevaba arrestado a un individuo por la comisión de un delito de alterar la paz pública, ilegal y

voluntariamente le estorbó en el cumplimiento de sus deberes, agarrándolo por un brazo en actitud hostil y amenazadora, y dando lugar a que dicho funcionario desatendiera el arresto para poder hacer frente al acusado y reducirlo a la obediencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel Rodríguez Serra.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La acusación, en lo pertinente, dice así:

"El citado Angel Ayuso, en la noche del día 24 de diciembre de 1916 y en Yabucoa, que forma parte del Distrito Judicial de Humacao, en momentos en que Julio Castilla, Jefe de Distrito de la Policía Insular de Yabucoa, llevaba arrestado a Julio Molinari por la comisión de un delito de alterar la paz pública, ilegal y voluntariamente estorbó a dicho jefe de policía en el cumplimiento de sus deberes, agarrándole por un brazo en actitud hostil y amenazadora, dando lugar a que dicho funcionario desatendiera el arresto del expresado Molinari para poder hacer frente al acusado y reducirlo a la obediencia "

Y la ley infringida, es como sigue:

"Toda persona que voluntariamente resistiere, demorare, o estorbare a cualquier funcionario público en el cumplimiento de alguna de las obligaciones de su cargo, o al tratar de cumplirla, siempre que no hubiere otra pena señalada, incurrirá en multa máxima de cinco mil (5,000) dollars y cárcel por un término máximo de un año."

Celebrado el juicio, el acusado fué condenado a sufrir un mes de cárcel y a pagar cien dólares de multa, y no conforme, apeló para ante este tribunal. En su alegato expresa que la sentencia no está sostenida por la prueba y que la corte cometió error manifiesto al apreciar la evidencia.

Cita el apelante los casos de *Commonwealth* v. *Kirby*, 56 Mass. 577, y *Yates* v. *People*, 32 New York, 509, para sostener su alegación de que para que se entienda perpetrado el delito que se imputó al acusado, es necesario que éste conozca el carácter de funcionario público de la persona a quien atacó.

Tal es en efecto la verdadera doctrina.   No se trata de la obstrucción inconsciente de los deberes públicos de un funcionario, sino del obstáculo creado de modo voluntario al resistir, demorar o estorbar a cualquier funcionario público en el cumplimiento de alguna de las obligaciones de su cargo, o al tratar de cumplirla.

La acusación que dejamos transcrita contiene todos los elementos esenciales del delito.   Y la prueba fué aún más clara todavía.   Consistió en las declaraciones de Julio Castilla, Jefe del Distrito de la Policía Insular, y de Enrique Romero, policía insular, por parte del Fiscal, y de Antonio Castillo, el propio acusado, Francisco González, José M. Méndez y el Jefe Castilla, por parte de la defensa.   Si se acepta, como aceptó la corte que los testigos del Fiscal dijeron la verdad, entonces resulta plenamente demostrado que en la noche del 24 de diciembre de 1916 el Jefe Castilla llevaba arrestado a Julio Molinari por una de las calles de Yabucoa, con dirección al cuartel; que varios jóvenes se oponían gritando uno de ellos: ''¡Pueblo, sangre! ¡Mucha sangre! ¡Esto hay que corregirlo de alguna manera!;'' que otro joven, dirigiéndose al acusado, le dijo: ''Vamos tú, no dejes llevar a éste, no lo dejes llevar;'' que el acusado se lanzó contra el jefe, viéndose obligado éste a darle con un bastón, yéndose entonces el preso que fué detenido por otro policía.   La prueba de la defensa tiende a demostrar que Ayuso no cometió acción ilegal alguna.   El conflicto fué resuelto dentro de sus facultades por la corte sentenciadora y de acuerdo con la repetida jurisprudencia de este tribunal, debe prevalecer su decisión en ausencia de pasión, prejuicio, parcialidad o error manifiesto.

Procede la confirmación de la sentencia recurrida.

* *Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.